1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HUBERT W. DRAW, JR.,

                                    Petitioner,

        v.

ISIDRO BACA, *et al.*,

                                    Respondents.

Case No. 3:15-cv-00224-MMD-WGC

ORDER

15    **I.      Introduction**

16         In this habeas corpus action, brought *pro se* by Nevada prisoner Hubert W. Draw,

17    Jr., the respondents have filed a motion to dismiss (dkt. no. 10), arguing that certain

18    claims in Draw's petition are unexhausted, that certain of Draw's claims are procedurally

19    defaulted, and that certain of Draw's claims should be dismissed because they are based

20    on state law or are conclusory. The parties have fully briefed the motion to dismiss. The

21    Court finds one of Draw's claims to be unexhausted in state court; the Court will grant

22    Draw an opportunity to make an election to either abandon that claim or move for a stay.

23    In all other respects, the Court will deny the motion to dismiss.

24    **II.     Background**

25         On October 31, 2007, after a jury trial in Nevada's Eighth Judicial District Court

26    (Clark County), Draw was convicted of one count of sexual assault with a minor under

27    sixteen years of age, and seven counts of open or gross lewdness (a gross

28    misdemeanor). *See* Judgment of Conviction, Exhibit 50. (The exhibits referred to in this

order were filed by respondents and are found in the record at dkt. nos. 11-16.) Draw was sentenced to five to twenty years in prison on the sexual assault charge and concurrent one year sentences on the lewdness charges. *See id.*

Draw appealed, and the Nevada Supreme Court affirmed on July 22, 2010. *See* Order of Affirmance, Exhibit 72.

On May 19, 2011, Draw filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus, Exhibit 75; Petition for Writ of Habeas Corpus of Actual Innocence, Exhibit 76. The court appointed counsel for Draw, and, with counsel, Draw supplemented his petition. *See* Supplemental Brief in Support of Defendant's Writ of Habeas Corpus, Exhibit 93. The state district court held an evidentiary hearing. *See* Recorder's Transcript of Hearing, October 31, 2013, Exhibit 100. The court denied Draw's petition. *See id.* at 47-49; Findings of Fact, Conclusions of Law and Order, Exhibit 111. Draw appealed, and the Nevada Supreme Court affirmed the denial of his state habeas petition on February 12, 2015. See Order of Affirmance, Exhibit 134.

The Court received Draw's federal habeas petition on April 22, 2015, and, after Draw paid the filing fee, the petition was filed on July 13, 2015 (dkt. no. 6).  Draw's petition asserts ten claims, including three with several subclaims:

> 1.     Draw's federal constitutional rights were violated because the state district court's court reporter "destroyed all case related transcripts of this petitioner's pre-trial proceeding (calendar call, motion hearings, status checks, etc.)." Petition for Writ of Habeas Corpus (dkt. no. 6), at 9-12.
>
> 2.     Draw's federal constitutional rights were violated because the justice court's court reporter "destroyed all petitioner's rough draft transcripts of his preliminary hearing…." *Id.* at 14-16.
>
> 3.     Draw's federal constitutional rights were violated, on account of ineffective assistance of his trial counsel, because:
>
> > a.     trial counsel failed to timely prepare for trial;
> >
> > b.     trial counsel failed to acquire allegedly missing transcripts from the court reporters;
> >
> > c.     trial counsel failed to investigate the police officers' alleged use of force during his arrest, and his subsequent hospitalization; and

2

d.    trial counsel failed to properly investigate his case.

*Id.* at 18-21.

4.    Draw's federal constitutional rights were violated, on account of ineffective assistance of his trial counsel, because:

a.    trial counsel failed to properly investigate his case;

b.    trial counsel failed to investigate the police officers' alleged use of force during his arrest, and his subsequent hospitalization;

c.    trial counsel failed to interview the police officers who were present when he was arrested;

d.    trial counsel failed to investigate "what facts were generated by the responding detective;"

e.    trial counsel failed to investigate witness Shawn Fishel; and

f.    trial counsel failed to investigate alleged prosecutorial misconduct.

*Id.* at 23-27.

5.    Draw's federal constitutional rights were violated because his trial counsel failed to inform him of counsel's alleged conflict of interest. *Id.* at 29-31.

6.    Draw's federal constitutional rights were violated, on account of ineffective assistance of his appellate counsel, because:

a.    appellate counsel failed to assert a claim on appeal regarding his arrest and the alleged use of force during his arrest;

b.    appellate counsel failed to assert claims of ineffective assistance of trial counsel;

c.    appellate counsel failed to assert a claim based on trial counsel's alleged conflict of interest;

d.    appellate counsel failed to assert a claim based on the court reporters' alleged destruction of records and transcripts;

e.    appellate counsel failed to assert claims of prosecutorial misconduct for witness tampering and other misconduct, and claims of civil rights violations; and

f.    appellate counsel failed to assert a claim based on ineffective assistance of trial counsel regarding the waiver of his right to a speedy trial.

*Id.* at 33-38.

7.     Draw's federal constitutional rights were violated, on account of ineffective assistance of his trial counsel, because counsel failed to obtain a psychological evaluation of the victims. *Id.* at 44-46.

8.     Draw's federal constitutional rights were violated, on account of ineffective assistance of his trial counsel, because counsel "failed to prevent the civil proceedings from family court to enter into the criminal side of petitioner's case." *Id.* at 44-46.

9.     Draw's federal constitutional rights were violated, on account of ineffective assistance of his trial and appellate counsel, because counsel failed "to raise the issue that impermissible bad act evidence was introduced…." *Id.* at 49-50.

10.     Draw's federal constitutional rights were violated, on account of ineffective assistance of appellate counsel, because counsel failed to assert claims based on alleged *Batson* violations during the jury selection process. *Id.* at 51-55 (referring to *Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that it is an Equal Protection violation where jurors are excluded based solely on race)).

Respondents filed their motion to dismiss (dkt. no. 10) on September 14, 2015. Draw filed an opposition to the motion to dismiss on November 24, 2015 (dkt. no. 19). Respondents filed a reply in support of their motion to dismiss on December 4, 2015 (dkt. no. 20). Draw filed a supplemental opposition to the motion to dismiss (dkt. no. 24), and respondents filed a reply to that supplemental opposition on February 11, 2016 (dkt. no. 25).

## III.    DISCUSSION

### A.    Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*,

693 F.2d 859, 862 (9th Cir. 1982).

Respondents argue in their motion to dismiss that Draw has not exhausted Claims 6a, 6d and 6e in state court.

In Claim 6a, Draw claims that his federal constitutional rights were violated, on account of ineffective assistance of his appellate counsel, because his appellate counsel failed to assert a claim on appeal regarding his arrest and the alleged use of force during his arrest. *See* Petition for Writ of Habeas Corpus (dkt. no. 6), at 33. Draw raised such a claim in his *pro se* petition in his state habeas corpus action. *See* Petition for Writ of Habeas Corpus, Exhibit 75, at 32-33. On the appeal from the denial of his state habeas petition, Draw argued that the state district court erred in denying the claims in his *pro se* petition. *See* Fast Track Statement, Exhibit 125, at 24-25. Claim 6a is exhausted.

In Claim 6d, Draw claims that his federal constitutional rights were violated, on account of ineffective assistance of his appellate counsel, because his appellate counsel failed to assert a claim based on the court reporters' alleged destruction of records and transcripts. *See* Petition for Writ of Habeas Corpus (dkt. no. 6), at 34-35. Draw raised such a claim in his pro se petition in his state habeas corpus action. *See* Petition for Writ of Habeas Corpus, Exhibit 75, at 36-37. On the appeal from the denial of his state habeas petition, Draw argued that the state district court erred in denying the claims in his pro se petition. *See* Fast Track Statement, Exhibit 125, at 24-25. Claim 6d is exhausted.

In Claim 6e, Draw claims that his federal constitutional rights were violated, on account of ineffective assistance of his appellate counsel, because his appellate counsel failed to assert claims of prosecutorial misconduct for witness tampering and other misconduct, and claims of civil rights violations. *See* Petition for Writ of Habeas Corpus (dkt. no. 6), at 35-37. Draw did not raise such a claim in his state habeas action. *See* Petition for Writ of Habeas Corpus, Exhibit 75; Petition for Writ of Habeas Corpus of Actual Innocence, Exhibit 76; Supplemental Brief in Support of Defendant's Writ of Habeas Corpus, Exhibit 93. Draw did, in his state habeas petition, make similar allegations, but those were part of his claim regarding his appellate counsel's failure to raise the issue of

the court reporters' alleged destruction of records and transcripts. *See* Petition for Writ of Habeas Corpus, Exhibit 75, at 36-37. That claim, however, is different from the claim raised in this case as Claim 6e; in state court, Draw did not assert an independent claim like the one now asserted as Claim 6e. Claim 6e is unexhausted.

With respect to Claim 6e, therefore, Draw will be granted an opportunity to make an election, to either file a notice of abandonment of that claim, indicating that he elects to abandon Claim 6e and proceed with the litigation of his remaining claims in this case, or, alternatively, file a motion for stay, requesting a stay of this action to allow him to return to state court to exhaust Claim 6e. If Draw elects to file a motion for stay, he must make a showing that a stay is warranted, as prescribed in *Rhines v. Weber*, 544 U.S. 269 (2005). If Draw does not, within the time allowed, file a notice of abandonment of Claim 6e, or a motion for a stay to allow exhaustion of that claim in state court, Draw's entire habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). Draw should take note: if this case is dismissed, in its entirety, even "without prejudice," it is possible that he would be barred by the statute of limitations from initiating a new federal habeas corpus action.

## B.    Procedural Default

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting

1    from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

2       To demonstrate cause for a procedural default, the petitioner must "show that

3    some objective factor external to the defense impeded" his efforts to comply with the state

4    procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment

5    must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499

6    U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden

7    of showing not merely that the errors [complained of] constituted a possibility of prejudice,

8    but that they worked to his actual and substantial disadvantage, infecting his entire

9    [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603

10    (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

11       In their motion to dismiss, respondents argue that Claims 1 and 2 of Draw's habeas

12    petition are barred by the procedural default doctrine.

13       Claims 1 and 2 are Draw's claims that his federal constitutional rights were violated

14    because court reporters in the justice court and state district court destroyed court records

15    and transcripts. *See* Petition for Writ of Habeas Corpus (dkt. no. 6), at 9-12, 14-16.

16       Draw raised such claims as Grounds 1 and 2 of his state habeas petition. Petition

17    for Writ of Habeas Corpus, Exhibit 75, at 8-9, 11-13. Regarding those claims, the state

18    district court ruled as follows:

19          As to grounds 1 and 2 of Defendant's Pro Per Petition, these grounds

20       are waived and dismissed pursuant to NRS 34.810(1)(b)(2).

21                  *  *  *

22       Defendant's claims that his due process rights were violated by the alleged

23       destruction of transcripts from his calendar calls and Preliminary Hearing
         should have been raised on direct appeal and he fails to show good cause

24       for his failure to raise them. Further, there was no evidence presented that
         any transcripts were destroyed or caused Defendant any prejudice.

25       Maningo was not aware of any missing transcripts. EHT at 20; 49.

26    Findings of Fact, Conclusions of Law and Order, Exhibit 111, at 5 ("Maningo" was one of

27    Draw's trial attorneys; "EHT" refers to the transcript of the evidentiary hearing, which is

28    Exhibit 100 in the record for this case). The Nevada Supreme Court affirmed, ruling that

the state district court did not err in rejecting these claims. *See* Order of Affirmance, Exhibit 134, at 3. Therefore, the state courts ruled that these claims were procedurally barred under state law, and they are subject to the procedural default doctrine.

In response, in his supplemental opposition to the motion to dismiss, Draw argues that the default of these claims was caused by ineffective assistance of his appellate counsel. *See* Supplemental Opposition to Motion to Dismiss (dkt. no. 24), at 3-5. Draw also asserts such ineffective assistance of his appellate counsel as a separate claim for relief, in Claim 6d. *See* Petition for Writ of Habeas Corpus (dkt. no. 6), at 34-35. And, as is discussed above, the Court finds that claim to be exhausted in state court. *See* discussion above, regarding exhaustion of Claim 6d.

Draw's argument that there is cause and prejudice, based on ineffective assistance of his appellate counsel, concerning the procedural default of Claims 1 and 2, will be better addressed in conjunction with the merits of all Draw's claims, after respondents file an answer and Draw a reply. Therefore, the Court will deny respondents' motion to dismiss with respect to Claims 1 and 2, without prejudice to respondents raising the procedural default defense to those claims in their answer, along with their briefing regarding the merits of these claims.

### C.      Claims 6b, 6c and 6f

Respondents argue in their motion to dismiss that 6b, 6c and 6f -- claims that Draw's federal constitutional rights were violated on account of ineffective assistance of his appellate counsel -- are "barred because they present questions of state law." *See* Motion to Dismiss, at 11-12.

However, the questions of state law raised by these claims are incidental to the claims that Draw's federal constitutional rights were violated on account of ineffective assistance of his appellate counsel. There is no showing by respondents that these claims of ineffective assistance of appellate counsel are "barred." Rather, respondents' arguments go to the question of the merits of these claims.

The Court will deny respondents' motion to dismiss Claims 6b, 6c and 6f, without

prejudice to respondents' raising the same arguments in their answer, with regard to the merits of those claims.

### D.      Claims 3, 4 and 5

Respondents argue in their motion to dismiss that Claims 3, 4 and 5 "are conclusory and must be dismissed." *See* Motion to Dismiss, at 12-14.

The Court finds that respondents' arguments that these claims are conclusory and unsupported will be better addressed in conjunction with the merits of all Draw's claims, after respondents file an answer and Draw a reply. Therefore, the Court will deny respondents' motion to dismiss with respect to Claims 3, 4 and 5, without prejudice to respondents making the same arguments in their answer, with respect to the merits of these claims.

## IV.    CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 10) is granted in part and denied in part. The court finds Claim 6e to be unexhausted, and will grant petitioner an opportunity to make an election with respect to that claim; in all other respects, respondents' motion to dismiss is denied.

It is further ordered that, with respect to Claim 6e, which is unexhausted in state court, petitioner must, within 60 days from the date of this order, make an election; within that time, petitioner must do one of the following: (1) file a declaration stating that he wishes to abandon Claim 6e and proceed with this action with regard to his remaining claims, or (2) file a motion for a stay, requesting that this case be stayed while he exhausts his unexhausted claims. If petitioner does not make that election within the time allowed, the Court will dismiss his entire habeas petition, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

DATED THIS 22nd day of April, 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE