UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUBERT W. DRAW, JR.,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No.  3:15-cv-00224-MMD-WGC<br><br>ORDER |

In this habeas corpus action, the *pro se* petitioner, Nevada prisoner Hubert W. Draw, Jr., has filed a motion for stay and abeyance (ECF No. 27), and respondents have filed an opposition to that motion (ECF No. 28). The Court will deny the motion for stay and abeyance, and will direct Draw to either abandon his unexhausted claim or have this action dismissed.

In his habeas petition in this action, Draw challenges his conviction and sentences on one count of sexual assault with a minor under sixteen years of age and seven counts of open or gross lewdness. This Court received Draw's federal habeas corpus petition on April 22, 2015, and, after Draw paid the filing fee, the petition was filed on July 13, 2015. (ECF No. 6.) Respondents filed a motion to dismiss (ECF No. 10) on September 14, 2015, in which they argued that Draw did not exhaust in state court his Claims 6a, 6d and 6e. In an order entered April 22, 2016 (ECF No. 26), the Court granted respondents' motion to dismiss in part and denied it in part, ruling Claim 6e unexhausted. As to Claim 6e, therefore, the Court required Draw to make election, to

either file a notice of abandonment of Claim 6e, or, alternatively, file a motion for stay, requesting a stay of this action to allow him to return to state court to exhaust Claim 6e.

On May 31, 2016, Draw filed a motion for stay and abeyance. (ECF No. 27.) Respondents filed an opposition to that motion on June 2, 2016. (ECF No. 28.) Draw did not reply.

In Claim 6e, Draw claims that his federal constitutional rights were violated, on account of ineffective assistance of his appellate counsel, because his appellate counsel failed to assert claims of prosecutorial misconduct for witness tampering and other misconduct, and claims of civil rights violations. *See* Petition for Writ of Habeas Corpus (ECF No. 6 at 35-37). Draw did not raise such a claim in his state habeas action. *See* Petition for Writ of Habeas Corpus, Exh. 75 (ECF No. 13-24); Petition for Writ of Habeas Corpus of Actual Innocence, Exh. 76 (ECF No. 14); Supplemental Brief in Support of Defendant's Writ of Habeas Corpus, Exh. 93 (ECF No. 14-17). (The exhibits referred to in this order were filed by respondents, and are found in the record at ECF Nos. 11-16).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

2

*Rhines*, 544 U.S. at 277-78; *see also Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir. 2014).

Draw's entire argument that there was good cause for his failure to exhaust Claim 6e in state court is as follows:

> Petitioner argues that his Appellant Counsel's failure . . . to state a claim of prosecutor misconduct of tampering with a witness should have been presented by Appellant Counsel before the State Courts, however, in accordance with the Eighth Judicial District Court Rules, once counsel is appointed or retained the defendant is precluded from filing any papers or pleadings on his own behalf. Petitioner from the ending of trial has expressed to his Appellant Counsel that he wanted these claims presented. Petitioner believes that he should be allowed to present these claims to the state courts and allow them the "first" opportunity of resolution to the claim.

Motion for Stay and Abeyance (ECF No. 27 at 2).

Draw's contention that he was stymied by his counsel — presumably meaning his appointed counsel in his state habeas action — is belied by the record. In his state habeas action, Draw filed a *pro se* habeas petition (Exhs. 75 and 76 (ECF Nos.13-24 and 14)). That petition, however, did not include the claim designated Claim 6e in this action. Nothing prevented Draw from including what is Claim 6e in his *pro se* state habeas petition. The Court concludes that Draw makes no showing of good cause for his failure to exhaust Claim 6e. Consequently, the Court will deny the motion for stay.

As the Court found in its April 22, 2016, order, Draw's habeas petition includes both exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509 (1982), such a petition must be dismissed. The Court will, however, grant Draw another opportunity to abandon his unexhausted claim. Draw is cautioned that, if he does not file a notice of abandonment of his unexhausted claim within the time allowed, this action will be dismissed, nominally "without prejudice," pursuant to *Rose*. Draw is further cautioned that if this action is dismissed, even "without prejudice," he may be barred by the statute of limitations from initiating another federal habeas action.

///

///

3

If Draw abandons his unexhausted claim within the time allowed, the Court will set a schedule for respondents to answer, and for the parties to file briefing regarding the merits of, his remaining, exhausted, claims.

It is therefore ordered that petitioner's Motion for Stay and Abeyance (ECF No. 27) is denied.

It is further ordered that petitioner will have forty-five (45) days from the entry of this order to file a notice of abandonment of Claim 6e, stating that he wishes to abandon that unexhausted claim. If petitioner does not file a notice of abandonment of Claim 6e, within the time allowed, this action will be dismissed, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

DATED THIS 21st day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE